**Electronically Filed**
**Intermediate Court of Appeals**
**29550**
**14-FEB-2013**
**08:47 AM**

NO. 29550

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ENRICO CALARA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 08-1-0977)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Enrico Calara (Calara) appeals from the Judgment of Conviction and Probation Sentence entered December 15, 2008 in the Circuit Court of the First Circuit[1] (circuit court).  Calara was convicted of sexual assault in the fourth degree, in violation of Hawaii Revised Statutes (HRS) § 707-733 (1993).

On appeal, Calara contends the circuit court erred:

(1) by precluding Calara from presenting evidence of the drug pipe found in the room of the complaining witness (CW),

---

[1]     The Honorable Reynaldo D. Graulty presided.

and from cross-examining CW as to her drug use for purposes of attacking her perception and recollection;

(2) in admitting Honolulu Police Department (HPD) Detective Denault's (Denault) testimony that probable cause was established to arrest Calara for sexual assault in the fourth degree;

(3) in admitting CW's statement to a third party (TP) regarding Calara's alleged sexual assault as an "excited utterance";

(4) in admitting evidence of Calara's prior statements to CW in January and February 2007 to establish his intent; and

(5) by committing plain error in failing to provide a limiting instruction at the time of CW's testimony regarding Calara's alleged prior statements and as part of the final charge to the jury.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Calara's appeal is without merit.

(1) Calara contends "[t]he circuit court violated [his] right to present a complete defense by precluding him from introducing evidence of [CW's] drug pipe and by cross-examining [CW] about her drug use for the purposes of attacking her perception and recollection." We disagree.

Calara's offer of proof regarding the pipe was that his wife would testify that she discovered a pipe in the room in which CW had been staying and that his wife had called HPD to do a test on the pipe, which smelled "funny." HPD did not conduct a

2

test on the pipe and there was no police report regarding the wife's claim of finding the pipe.

In excluding the wife's proffered testimony, the circuit court properly ruled that "the evidence is so remote, so tangential and so unreliable as to whether or not this is [CW's] [sic] pipe and whether she smoked it . . . the early morning hours of March 13th, that the court should not allow this." The circuit court also properly noted that the evidence was "more prejudicial than probative."

Furthermore, the circuit court did not foreclose Calara from cross-examining CW regarding possible drug use on the day of the event. State v. Sabog, 108 Hawai'i 102, 109-11, 117 P.3d 834, 841-43 (App. 2005). Calara was entitled to cross-examine CW as to whether any drug use affected her perception and recollection of the incident.

(2) Calara contends the circuit court erred in admitting Denault's testimony "because the testimony not only improperly bolstered [CW's] credibility but also was irrelevant and unduly prejudicial."

Denault testified that he determined "there was probable cause established" to arrest Calara for misdemeanor sexual assault after CW reviewed and confirmed her previous written statement and positively identified Calara in the photographic lineup.

Calara did not object to this testimony at trial. "It is well settled that objections not raised or properly preserved at trial will not be considered on appeal." State v. Gray, 108 Hawai'i 124, 134, 117 P.3d 856, 866 (App. 2005) (quoting Craft v. Peebles, 78 Hawai'i 287, 294, 893 P.2d 138, 145 (1995)). However, appellate courts may recognize a plain error that

3

affects a defendant's substantial rights. <u>State v. Miller</u>, 122 Hawaiʻi 92, 100, 223 P.3d 157, 165 (2010).

Calara has not demonstrated that his substantial rights were affected by Denault's testimony. The three cases on which Calara relies are clearly distinguishable. <u>State v. Batangan</u>, 71 Haw. 552, 799 P.2d 48 (1990), <u>State v. Morris</u>, 72 Haw. 527, 825 P.2d 1051 (1992), and <u>State v. Ryan</u>, 112 Hawaiʻi 136, 144 P.3d 584 (App. 2006) all involved witnesses offering opinions on victim-complainants' credibility.[2] Denault's testimony, on the other hand, explained the events that led to Calara's arrest.

(3) Calara contends the circuit court erred in admitting CW's statement to TP regarding Calara's sexual assault as an "excited utterance." The morning after the incident, CW informed TP that Calara entered her room and touched her breast while she was sleeping.

---

[2] Briefly, <u>State v. Batangan</u>, 71 Haw. 552, 799 P.2d 48 (1990), involved an expert witness who testified that the complainant in an alleged child abuse case was believable and had been abused by the defendant. <u>Id.</u> at 554-55, 799 P.2d at 50. The Hawaiʻi Supreme Court ruled that the circuit court erroneously admitted the expert's testimony and vacated the defendant's conviction. <u>Id.</u> at 562, 799 P.2d at 54.

In <u>State v. Morris</u>, 72 Haw. 527, 825 P.2d 1051 (1992), an expert witness testified for the State in the prosecution of defendant for sexual assault of a minor. Despite the absence of any witnesses or physical evidence, and without having ever examined the victim, the State's medical expert testified that the victim had been subject to chronic sexual abuse. <u>Id.</u> at 528-29, 825 P.2d at 1051-52. The Hawaiʻi Supreme Court ruled that the testimony, based solely on the child's statements, amounted to an opinion as to the credibility of the child and was therefore inadmissible. <u>Id.</u>

In <u>State v. Ryan</u>, 112 Hawaiʻi 136, 144 P.3d 584 (App. 2006), a domestic abuse case, two investigating officers were repeatedly asked and testified that they had no reason not to believe the complaining witness's allegations. <u>Id.</u> at 139-40, 144 P.3d at 587-88. The circuit court overruled the defense's prompt objections. <u>Id.</u> On appeal, this court held that "it is generally improper for a witness to express an opinion on the truthfulness of a complaining witness's allegations []" because "[s]uch testimony may impermissibly invade the province of the jury to determine the credibility of witnesses and determine the facts." <u>Id.</u> at 140, 144 P.3d at 588 (citations omitted).

An excited utterance is admissible as an exception to the general ban on hearsay. Hawaii Rules of Evidence (HRE) Rule 803(b)(2) (1993). "The assumption underlying [the excited utterance] exception is that a person under the sway of excitement precipitated by an external startling event will not have the reflective capacity essential for fabrication and that, consequently, any utterance will be spontaneous and trustworthy." State v. Zukevich, 84 Hawai'i 203, 207, 932 P.2d 340, 344 (1997). (citing State v. Clark, 83 Hawai'i 289, 296, 926 P.2d 194, 201 (1996); State v. Moore, 82 Hawai'i 202, 218, 921 P.2d 122, 138 (1996)).

CW's statement to TP were too remote from the alleged sexual assault. CW's statement was neither spontaneous nor impulsive. State v. Delos Santos, 124 Hawai'i 130, 137, 238 P.3d 162, 169 (2010). Rather, it was the result of reflection.

Although the circuit court erred in admitting TP's testimony regarding CW's statement as an excited utterance, the error was harmless beyond a reasonable doubt. See State v. Haili, 103 Hawai'i 89, 100, 79 P.3d 1263, 1274 (2003). TP's testimony was harmless beyond a reasonable doubt because it was cumulative of CW's and Denault's testimony at trial. See Clark, 83 Hawai'i at 298, 926 P.2d at 203, reconsideration denied, 83 Hawai'i 545, 928 P.2d 39 (1996) (holding that any error in admitting victim's statement as an excited utterance was harmless and cumulative given that victim's similar statements to other witnesses were properly admitted).

(4) Calara contends the circuit court erred in admitting evidence of his prior statements to CW in January and February 2007, which "violated HRE Rules 402, 404(b), and 403[.]" The prior statements concerned Calara's alleged prior sexual

advances towards CW in which Calara stated that he "wanted to grab and take her" and later told her he "wanted to take her." Calara sought to exclude these statements "as unfairly prejudicial under HRE 404 and irrelevant under HRE 403."

Calara's statements were relevant to understanding his state of mind, as well as CW's lack of consent. See HRE Rule 401 (1993) (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Calara argues that his prior statements "were unfairly prejudicial under HRE Rules 403 and 404(b)." HRE Rule 403 (1993) prohibits the admission of evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" Calara argues that "the emotional impact delivered by this prejudicial evidence substantially outweighed any meager probative value to establish guilt or innocence."

The probative value of CW's testimony was not substantially outweighed by danger of unfair prejudice, confusion, or misleading the jury. The testimony was important to show "lack of consent, state of mind, and the fact that . . . [Calara] had some sexual interest perhaps in the complaining witness." As the circuit court noted, these statements did not indicate "that [Calara] assaulted [CW] prior to the events of March 13th, 2007, only what his state of mind was, what his intent [was]."

(5) Calara contends the circuit court erred by not providing a limiting instruction at the time of CW's testimony regarding Calara's prior statements or as part of the charge to

the jury. HRE Rule 105 (1993), which governs limited admissibility, states: "When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, *upon request*, shall restrict the evidence to its proper scope and instruct the jury accordingly." HRE Rule 105 (emphasis added).

Calara did not request a limiting instruction. Calara did not demonstrate the circuit court's failure to *sua sponte* provide a limiting instruction regarding CW's testimony impairing his substantial rights. State v. Miller, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010). Calara's statements to CW were admitted to show his state of mind and CW's lack of consent.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence entered December 15, 2008 in the Circuit of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 14, 2013.

On the briefs:

James S. Tabe
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7